**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MISSISSIPPI FARM BUREAU
CASUALTY INSURANCE COMPANY
PLAINTIFF**

**V.**                                                                                   **NO. 3:10-CV-00056**

**SWEETIE B. WOOTEN a/k/a
SWEETIE SCOTT, SWEETIE GAYE,
SWEETIE RAYFORD
DEFENDANT**

**MEMORANDUM OPINION**

This cause comes before the court on the defendant's motion [22] to dismiss the case for lack of subject matter jurisdiction. The plaintiff opposes the motion. Having considered the motion and having conducted a hearing on the issues, the court is now prepared to rule.

This lawsuit arises from an insurance coverage dispute between Mississippi Farm Bureau Insurance Company and its insured, Sweetie Wooten. Farm Bureau issued Wooten a homeowner's insurance policy for the policy period of July 14, 2007 through July 14, 2008, covering the property located at 1710 Marianna Road, Holly Springs, Mississippi. The policy was renewed for the periods July 14, 2008 to July 14, 2009 and July 14, 2009 to July 14, 2010.

On August 18, 2008, a theft loss allegedly occurred at the insured property. Wooten reported the claim to Farm Bureau and submitted an inventory of the stolen items, which included one $8,000 lawnmower and three neckties costing $600 each. Farm Bureau, believing the theft to be fabricated by Wooten, denied the claim.

On October 8, 2009, a fire destroyed Wooten's home. She reported the fire loss to Farm Bureau. After investigating the loss, Farm Bureau believed Wooten committed arson on her

home and denied coverage. Farm Bureau claims that Wooten made several misrepresentations in her policy application and failed to submit a proof of loss form within sixty days of the fire loss. According to Farm Bureau, Wooten is under investigation by Marshall County law enforcement for the alleged arson.

On May 26, 2010, Wooten filed a complaint against Farm Bureau in Marshall County Circuit Court for bad faith failure to comply with the insurance contract. The parties dispute whether Farm Bureau was properly served in the state court case. Subsequently, on June 25, 2010, Farm Bureau filed a declaratory judgment action against Wooten in this court. Farm Bureau claims it would not have issued the policy to Wooten had it known there were misrepresentations in her application. It argues that the court should void the policy based on the unilateral mistake of material fact. Farm Bureau is a Mississippi company with its principal place of business in Mississippi. It asserts that Wooten is a Tennessee resident and thus, the court has federal diversity subject matter jurisdiction[1] over the complaint.

Wooten now moves to dismiss the case, arguing that she is a Mississippi resident and has never lived in Tennessee. She claims that because both parties are Mississippi residents, complete diversity does not exist and therefore, the court lacks jurisdiction. Wooten additionally asserts that if the court finds there is jurisdiction, it must nevertheless refrain from entering judgment because identical issues are presently pending in the state court case.

Before addressing the defendant's argument under the Anti-Injunction Act, the court will first determine whether it has subject matter jurisdiction over the complaint.

Federal district courts have original subject matter jurisdiction over all civil cases where

---

[1] The amount in controversy has been met.

the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Federal common law determines whether a party is a citizen of a state for purposes of diversity jurisdiction. 28 U.S.C. A. § 1332.

Diversity of citizenship is determined at the time the complaint is filed. *Id*. *See also*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). A change in a party's domicile requires a showing of physical presence in a new state plus the intent to remain there indefinitely. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). Presence, alone, will not suffice; it must be accompanied by the requisite intent. *Id*.

The district court has "wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Preston v. Tenet Healthsysten Mem. Med. Ctr., Inc*., 485 F.3d 804, 817 (5th Cir. 2007) (citing *Coury*, 85 F.3d at 249). In making a jurisdictional assessment, the court may look at any record evidence, receive affidavits and deposition testimony as well as hear live testimony concerning the citizenship of parties. *Coury*, 85 F.3d at 249. Factors to consider in making this determination include in what state the party exercises political rights, pays taxes, owns real and personal property, has licenses, maintains bank accounts, belongs to churches and organizations, has employment, and maintains a home. *Id*. at 251. A party's statement of intent is relevant in determining domicile, but is given little weight if it conflicts with the objective facts. *Id.*

The court will begin its analysis by looking at the undisputed facts concerning the defendant's residency. On March 31, 2010, Wooten entered a one-year lease agreement with Butterfield Village Apartment Complex, which is located in Memphis, Tennessee. Wooten's brother was also a resident in the apartment complex. The defendant's minor son, BR, attended

3

Christian Brothers High School in Memphis. After leasing the apartment, Wooten listed her Memphis address in BR's school records. She had utility bills from Memphis Light, Gas & Water Division ("MGLW") indicating usage at the apartment before and after the commencement of this lawsuit. In May 2010, Wooten moved or otherwise transferred her lease agreement from a three-bedroom apartment to a two-bedroom apartment within the same complex. She also changed her service address with MGLW from the old apartment to the new one. During June and July 2010, Wooten operated "Sweetie's Tax Service" in Batesville, Mississippi. The defendant was served with Farm Bureau's complaint on July 6, 2010 at her boyfriend's house in Holly Springs. Also in July 2010, the defendant added two other occupants, her god-brother and his girlfriend, to her lease agreement with Butterfield Apartment Complex. Wooten remained legally responsible for the apartment and continued paying rent. In August 2010, she updated BR's school records to reflect a Holly Springs address.

Farm Bureau bears the burden of proving by a preponderance of the evidence that Wooten was a Tennessee resident on June 25, 2010, the date the complaint was filed. To do this, Farm Bureau must show the defendant's physical presence in Tennessee plus her intent to remain there indefinitely.

Wooten was renting an apartment in Memphis on June 25, 2010. Yet, this does not necessarily mean that she was living in the apartment at that time. Wooten claims she only rented the apartment in her name so that her god-brother Frederick Johnson, who allegedly had a poor credit history, could live there. Johnson gave a sworn statement saying that he had lived in the Memphis apartment since May 2010 and that Wooten never lived there with him. Farm Bureau was unable to subpoena Johnson to testify at the hearing. The plaintiff argues that it is

4

entitled to negative inference from Wooten's non-production of Johnson because she controlled his presence at the hearing. However, Wooten testified that she had not talked to Johnson for several months prior to the hearing and does not know where he currently lives. If the defendant was unaware of Johnson's whereabouts and had not talked to him, it is unlikely that she could have controlled whether he appeared in court. Therefore, the court declines to negatively infer Johnson's absence against Wooten.

In addition to the lease agreement, Farm Bureau points to the assistant manager at Butterfield Apartments who testified that she had no reason to believe Wooten was not living in her apartment. Yet, the assistant manager admitted she had no personal knowledge of whether Wooten lived in the apartment. The defendant was served in Holly Springs, Mississippi. The process server attempted to serve Wooten at the Memphis apartment before going to her boyfriend's house in Holly Springs. The parties dispute whether Wooten's boyfriend told the process server that Wooten lived in Memphis. However, the process server testified that he sat at the Memphis apartment for several hours intending to serve Wooten, but no one ever showed up.

Farm Bureau alleges that Wooten has intimidated witnesses and engaged in other deceptive conduct to thwart the facts of her residency. In October 2010, Wooten's adult son, Terrence Rayford stated under oath that his mother moved to Memphis at some time prior to the filing of this lawsuit. Rayford subsequently recanted this statement. Before the lawsuit was filed, Wooten's minor son, BR testified under oath that his mother had moved to Memphis. Likewise, BR later recanted his statement. Farm Bureau argues that based on Wooten's untruthful behavior, the court should prevent the defendant from denying her Tennessee

5

residency.

The defendant has engaged in a series of actions since the filing of this lawsuit which cause the court to question her credibility. She changed the address listed in her son's school records from a Memphis location to Holly Springs. She added her god-brother and his girlfriend as residents to her lease agreement at the apartment in Memphis. She told the assistant manager at Butterfield Village Apartment Complex that she was moving to Mississippi though her name would remain on the lease. Wooten's sons recanted their statements about where their mother lived, which makes it reasonable for the court to conclude that Wooten influenced their changed testimony. Nonetheless, the court rejects Farm Bureau's estoppel argument because under Supreme Court precedent, a party cannot waive subject matter jurisdiction or be estopped from raising it. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

At first glance, it appears unclear where Wooten lived at the time the complaint was filed. However, after looking closer, it appears more likely than not that the defendant's acts of concealment were done to hide that she was living in Memphis. Therefore, the court will assume for purposes of its analysis that the plaintiff proved Wooten was living in Tennessee when the complaint was filed. Still, physical presence in a new state is only half of the test; there must also be intent.

Farm Bureau alleges that Wooten repeatedly told her children she wanted to move away from Marshall County in hopes that they might receive a better education elsewhere. Farm Bureau points to several pieces of evidence to support its position: the Butterfield Apartment lease agreement; MGLW utility bills; audio recordings between the defendant and MGLW

6

concerning her service address; BR's school records; sworn statements; and live testimony. Farm Bureau further claims that despite Wooten changing her address in school records, BR still listed Memphis as his home on his Facebook page as of February 10, 2012.

Wooten argues in response that she never intended to live in Tennessee or the apartment. The defendant asserts that she only listed a Memphis address on school records so that her son could attend the school. She contends that all of her vehicles have Mississippi tags and titles; she votes and attends church in Mississippi; she has Mississippi bank accounts; she files Mississippi tax returns; and she never intended to live outside the state of Mississippi despite telling her children she wanted to move. To further support her residency, Wooten submitted her Mississippi driver's license, passport, and Tennessee Department of Commerce and Insurance Protective Service Armed Guard license to the court. Her address on these documents is listed as 1710 Marianna Road, the insured property. In addition, Wooten's boyfriend testified that she lived with him in Holly Springs at the time the lawsuit was filed.

As the defendant has been displaced since the October 2009 fire, it is not uncommon for her to still consider the insured property as her home. Though she continues to allege her address is 1710 Marianna Road, it is obvious that she cannot live there because the home was destroyed in a fire. Wooten testified that she has begun the rebuilding process and intends to move back into the home once it becomes livable again. Yet, based on the defendant's questionable conduct, the court gives little weight to her statement of intent.

The court looks to the objective facts to determine the defendant's intent. Wooten exercises her political rights, pays taxes, owns cars and other personal property, has licenses, maintains bank accounts, and attends church in Mississippi. She only has one Tennessee license,

7

which was required for a job where she no longer works.  Farm Bureau argues that the defendant had not voted for several years in Mississippi until jurisdiction became an issue in this case.  Although Wooten may not have regularly exercised her political rights in Mississippi, she never registered to vote in Tennessee.  At best, the plaintiff shows that the defendant was likely living in Tennessee at the time the complaint was filed.  However, physical presence alone is not enough; it must be accompanied by the requisite intent.  Though Wooten has arguably engaged in untruthful conduct, it does not necessarily follow that she intended to live in Tennessee.  The facts do not show that Wooten intended to live in Tennessee.  A person is not considered a resident of a new state unless the person is physically present in the new state and intends to remain there.  As the record does not show that the defendant intended to live in Tennessee, Wooten is still a resident of Mississippi.  Therefore, the plaintiff has not met its burden of proof.

Based on the foregoing, the court concludes that federal diversity jurisdiction does not exist in this case.  Since the court lacks jurisdiction, there is no need to address the defendant's Anti-Injunction Act argument.  The motion [22] to dismiss is well taken and shall be granted.  A separate judgment shall be issued this day pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 16th day of May, 2012.

                                                  **/s/ MICHAEL P. MILLS**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**
                                                  **NORTHERN DISTRICT OF MISSISSIPPI**